**LI JIE WANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–3972–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

Theodore N. Cox (Joshua Bardavid, on the brief), New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Dalin R. Holyoak, Attorney, United

States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Jie Wang, a native and citizen of China, seeks review of the July 28, 2006 order of the BIA denying her motion to reopen. *In re Li Jie Wang*, No. A95 161 911 (B.I.A. July 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

We conclude that the BIA did not abuse its discretion in deciding that Wang failed to demonstrate that the outcome of her case was prejudiced by her first attorney's alleged preparation and filing of a fabricated application for asylum. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994). While the fabricated application had an impact on Wang's removal proceedings, Wang was granted multiple continuances in a two-and-a-half-year period by two Immigration Judges for the purpose of filing an amended application, and offered the BIA no explanation for her failure to do so. *See id.* Her motion to reopen contained only allegations of ineffective assistance against her first attorney, who did not represent her in removal proceedings. Wang has never alleged ineffective assistance of counsel against her second or third attorneys—the only attorneys to represent her before the Immigration Courts. In light of the foregoing, the BIA's decision to deny her motion to reopen was not an abuse of discretion. *See Kaur*, 413 F.3d at 233.

Finally, we lack the authority to review Wang's challenge to the BIA's decision to decline to exercise its *sua sponte* authority to reopen proceedings. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, the pending motion for a stay of removal in this petition is DISMISSED as moot.